FILED ___ LODGED
___ RECEIVED ___ COPY

JUL - 8 2004

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STANLEY J. DRU,<br><br>    Plaintiff,<br><br>vs.<br><br>MCBRIDE, BAKER & COLES, a professional entity in the practice of law; HOLLAND & KNIGHT, L.L.C., an entity also engaged in the practice of law which succeeded to the interest of MCBRIDE, BAKER & COLES; RICHARD R. WINTER, an attorney licensed to practice law, and a principal in each of the entities just named; JONATHAN STROUSE, an attorney licensed to practice law and a principal in each of the entitled just named,<br><br>    Defendants. | No. CV-03-1059-PHX-NVW<br><br>**ORDER** |

    The Court has before it the Motion to Dismiss on Behalf of Defendants McBride, Baker & Coles, Richard R. Winter, and Jonathon Strouse (Mot. Dismiss)(Doc. #14), Plaintiff's Response (Pl. Resp.)(Doc. #23), and Defendants' Reply Brief (Def. Reply)(Doc. #28). The Court finds that the parties' contentions are clearly presented in their memoranda and that oral argument would not aid in the disposition of the motion.



## NATURE OF THE ACTION AND OF THE MOTION

Stanley J. Dru and Plato Foufas together managed tribal casinos. (Mot. Dismiss at 2). They had a falling out and consequent litigation in the United States District Court for the Northern District of Illinois. *Id.* This case was settled in 1998 with Dru agreeing to pay Foufas $275,000 in respect of their Lummi tribe casino contract and 50% of the monies received for management of the Sycuan tribal casino. *Id.* at 2-3. After further disputes, Dru and Foufas entered into a second settlement agreement in 1999. *Id.* at 3. Even later, Foufas sued Dru for non-payment of the $275,000 due under the first settlement agreement. *Id.* Dru contends he paid the $275,000 and that the 1999 settlement agreement extinguished that payment obligation under the 1998 settlement agreement. *Id.* It is unclear to the Court whether these are two separate defenses or one. The District Court and Court of Appeals held for Foufas. *Foufas v. Dru*, 319 F.3d 284, 287 (7th Cir. 2003).

Dru brought this action against his Illinois attorneys and their law firms for alleged professional negligence in their unsuccessful defense of him in the Illinois federal court litigation. (Compl.)(Doc. #1). His Amended Complaint for Legal Malpractice and Jury Demand (Am. Compl.)(Doc. #5) alleges that, but for Defendants' negligence, Dru would not have had to pay $275,000 in the Illinois lawsuit. The specifically alleged negligent acts are:

1. Failing to advise the Court in the Illinois lawsuit that Dru had paid Foufas all amounts owed pursuant to the Court's May 27, 1998 Order enforcing settlement agreement;

2. Failing to respond to Foufas' Motion for Entry of Judgment Order dated May 17, 2001; and

3. Failing to provide the Court in the Illinois lawsuit, and thereafter the United States Court of Appeals for the Seventh Circuit, the California law regarding the release, including but not limited to California Civil Code Seciton 1542 and the California authorities sustaining the statue and its application to releases, such as the release that was the subject of the Illinois lawsuit.

*Id.* at 3. Plaintiff's Response elaborates the third instance of negligence as failure to present parole evidence of the context and of the parties' mutual understanding of the release language in the second settlement agreement, as permitted by *Taylor v. State Farm Mutual Auto Ins. Co.*, 175 Ariz. 148, 154-55, 854 P.2d 1134, 1140-41 (1993), and *Winet v. Price*, 4

Cal. App. 4th 1159 (1992), and failing to object to the Illinois federal court's consideration of only a portion of the extrinsic evidence as offered by Foufas. (Pl. Resp. at 2-5.)

The Defendant attorneys move to dismiss Plaintiff's action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants claim that "Mr. Dru is collaterally estopped from bringing this legal malpractice suit in this Court because the issues he directs at his former lawyers have been fully addressed and resolved by the Seventh Circuit Court of Appeals in *Foufas v. Dru*, 319 F.3d 284 (7th Cir. 2003)." (Mot. Dismiss at 2). The Defendant attorneys argue that the underlying Illinois judgment against Plaintiff Dru necessarily establishes that Dru was liable to Foufas and therefore Dru is estopped to prove an essential element of a legal malpractice claim—that Dru was harmed by their actions or omissions. That is, Dru was not harmed by their alleged negligence because Dru was liable, and would have been found liable to Foufas even under a proper presentation of Dru's case. Defendants essentially contend that Dru is not allowed to inquire into whether he would not have been found liable if properly represented precisely because he was found liable in the allegedly negligently handled action.

## DISCUSSION

### 1. The Court will not consider matters outside the pleading.

The Defendant attorneys cast their motion under Rule 12(b)(6), not as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(b)(6) & 56. Rule 12(b) prohibits the parties and the Court from going beyond the allegations of the Amended Complaint in weighing their motion, yet Defendants submit and argue from a selected portion of the record in the Illinois action, a February 21, 2002 transcript. (Mot. Dismiss Ex. 2). As is his right under Rule 12(b), Plaintiff objects to consideration of matters outside the pleadings except for consideration of the Seventh Circuit's opinion in *Foufas v. Dru*. (Pl. Resp. at 1-2.). If the February 21, 2002 transcript were considered, in fairness all relevant portions of the Illinois record and all other relevant facts also would have to be considered, transforming the motion to dismiss into a motion summary judgment. *Mack v. South Bay Beer Distributors, Inc.*, 798

F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Federal Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Defendants have not invoked Rule 56 and have not met the procedural requirements of District Rule 1.10(*l*) for a motion for summary judgment. Plaintiff also submits, no doubt out of caution, selected portions of the Illinois federal court record while protesting his inability to proffer everything pertinent. (Pl. Resp. Ex. A). Plaintiff has also failed to meet the procedural requirements of District Rule 1.10(*l*). (Pl. Resp.) Accordingly, the Court excludes from consideration on the motion all matters outside the pleadings in this action except the Court of Appeals opinion in *Foufas v. Dru*. *See* Fed. R. Civ. P. Rule 12(b).

### 2. Plaintiff's legal malpractice claim is not collaterally estopped by an adverse decision in the allegedly negligently handled underlying action.

Thus limited, the Illinois federal court judgment and appellate opinion alone did not address or resolve what would have happened if the Defendant attorneys had presented different arguments, evidence, and objections. They establish only the outcome under the arguments, evidence, and objections the Defendant attorneys did present, embedded with any malpractice, not freed of it. The Illinois federal court judgment and appellate opinion are therefore silent on the true causal inquiry in this legal malpractice action—whether Dru would have had a favorable outcome in the underlying litigation if his attorneys had acted differently.

Moreover, the Defendant attorneys do not take issue with the initial sufficiency of the Amended Complaint on its face. The Complaint alleges the necessary elements to establish a legal malpractice claim: "(1) the existence of an attorney-client relationship which imposes a duty on the attorney to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession, (2) breach of that duty, (3) that such negligence was a proximate cause of resulting injury, and (4) the fact and extent of the injury." *Phillips v. Clancy*, 152 Ariz. 415, 418, 733 P.2d 300, 303 (App. Div. 1 1986). Indeed, Defendants concede "the elements of legal malpractice have little to do with the McBride defendants'

collateral estoppel demonstration." (Def. Reply at 3). Rather, they contend that one of the elements of legal malpractice—the causal connection between the attorneys' acts or omissions and harm to the client—is conclusively foreclosed by the underlying court's adverse determination of the client's rights and obligations.

As noted in the preceding paragraph, the Illinois federal court judgment and appellate opinion do not address whether Dru would have had a favorable outcome in the underlying litigation if his attorneys had acted differently and therefore cannot estop Dru on that element of his legal malpractice claim. Yet, the motion to dismiss also fails from a more fundamental reason. If correct, the Defendant attorneys' contention would bar liability in every case of legal malpractice from prior litigation brought to final judgment on the merits. A California appeals court addressing the same issue observed that to allow collateral estoppel "would be to rule that where an attorney's negligence has caused a court to make an erroneous adjudication of an issue, the fact that the court has made that adjudication absolves the attorney of all accountability and responsibility for his negligence." *Ruffalo v. Patterson*, 285 Cal. Rptr. 647, 648 (Div. 3 1991); *see also Durkin v. Shea & Gould*, 92 F.3d 1510, 1518 (9th Cir. 1996) (adopting the reasoning of *Ruffalo*).

Principles of issue preclusion do not yield that result. "[E]ven in cases in which the technical requirements for the application of collateral estoppel are met, courts do not preclude issues when special circumstances exist." *Hullett v. Cousin*, 63 P.3d 1029, 1035 (Ariz. 2003). One of the special circumstances in which collateral estoppel will be denied is when "'the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity . . . to obtain a full and fair adjudication of the initial action.'" *Id.* (quoting *Restatement (Second) of Judgments* § 28(5)(c) (1982)). Dru's adversaries in this action are the persons to whom his "adjudication in the initial action" was entrusted, and the very inquiry here is whether their own carelessness made that adjudication less than full and fair.

For the foregoing reason,

**IT IS ORDERED** that the attachments to the parties' memoranda other than the Court of Appeals' opinion in *Foufas v. Dru*, 319 F.3d 284 (7th Cir. 2003), are excluded under Fed. R. Civ. P. 12(b).

**IT IS FURTHER ORDERED** that the Motion to Dismiss on Behalf of McBride, Baker & Coles, Richard R. Winter, and Jonathon Strouse (Doc. #14) is **DENIED**.

DATED this 7th day of July, 2004.

_____
Neil V. Wake
United States District Judge