UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STANLEY J. DRU, | |
| Plaintiff, | CIV 03-1059 PHX JWS |
| vs. | ORDER AND OPINION |
| MCBRIDE, BAKER & COLES, *et al.*, | [Re: Motions at Docket Nos. 74 75, and 77] |
| Defendants. | |

## I.  MOTIONS PRESENTED

At docket 74, defendants McBride, Baker & Coles, Richard R. Winter, and Jonathan Strouse ("defendants") move to dismiss this matter pursuant to Federal Rule of Civil Procedure 16(b) and (f).  At docket 77, defendants move to strike plaintiff's expert report.   At docket 75, defendants move for summary judgment pursuant to Rule 56.  At docket numbers 79 and 83, plaintiff Stanley Dru opposes the motions. Defendants requested oral argument on all three motions.  Oral argument would not assist the court.

## II.  BACKGROUND

This matter arises out of defendants' previous legal representation of plaintiff Stanley Dru.  Beginning in 1995, defendants McBride, Baker & Coles, Richard R.

Winter, and Jonathan Strouse ("defendants") represented Dru in a breach of contract action filed against Dru by Plato Foufas in the United States District Court for the Northern District of Illinois. The breach of contract action concerned the parties' joint management of casinos for two tribes, the Lummi tribe in Washington and the Sycuan tribe in California. In 1998, Foufas and Dru entered a two-part settlement agreement. In part one, Dru agreed to pay Foufas $275,000 for management of the Lummi tribe's casino. In part two, Dru agreed to pay Foufas fifty percent of any money he received from management of the Sycuan tribe's casino. The district court retained jurisdiction to enforce both parts of the settlement agreement.

In 1999, Dru and Foufas entered a second agreement and "mutual general release," in which the parties agreed to release and hold each other free and harmless "from any and all claims, rights, debts, demands, acts, agreements, liabilities, obligations...which the Parties hereto...now own or hold, or have at any time heretofore owned or held, or may at any time hereafter own or hold."[1] The signed release further stated that "the releases provided herein extend to all claims of every nature and kind, whether known or unknown, suspected or unsuspected."[2] Dru maintained that the broad language of the release extinguished not only part two of the 1998 settlement agreement, but also part one of the agreement, namely Dru's agreement to pay Foufas $275,000. Foufas disagreed and moved the court to order Dru to pay Foufas the $275,000. The district court concluded that the release related only to part two of the

---

[1] Agreement of Settlement and Mutual General Release (January 22, 1999) at 1, filed at exh. 1, doc. 83.

[2] *Id.*

1998 agreement and ordered Dru to pay the $275,000. The district court's decision was affirmed on appeal by the Seventh Circuit.[3]

On June 2, 2003, plaintiff Dru filed the underlying action for legal malpractice against defendants in United States District Court for the District of Arizona.[4] On September 29, 2003, plaintiff filed an amended complaint alleging that defendants "breached their duty to Dru, while representing Dru as his attorney in the Illinois lawsuit, through various acts of negligence, but for which Dru would have prevailed and would not have had to pay Foufas $275,000 in the Illinois lawsuit."[5] Plaintiff specifically alleges that defendants failed: 1) to advise the Illinois court that Dru had paid Foufas all amounts owed pursuant to the court's May 1998 order enforcing the settlement agreement; 2) to respond to Foufas' motion for entry of judgment order; and, 3) to provide the Illinois court and the United States Court of Appeals for the Seventh Circuit with the California law regarding the scope of the release.[6] The court's jurisdiction is based on diversity under 28 U.S.C. § 1332.

In October 2004, this matter was reassigned to the undersigned judge. In March 2005, the court entered a scheduling and planning order pursuant to Federal Rule of Civil Procedure 16(b).[7] The Rule 16(b) scheduling order set plaintiff's expert disclosure

---

[3] *Foufas v. Dru*, 319 F.3d 284 (7th Cir. 2003). Copy filed at exh. 7, doc. 76.

[4] Doc. 1.

[5] Doc. 5 at 3.

[6] *Id.*

[7] Doc. 64.

deadline as May 27, 2005, and defendants' expert disclosure deadline as July 1, 2005.[8] The order further provided that all discovery in this matter was to be completed by September 2, 2005.

On June 15, 2005, defendants filed a motion requesting a Rule 16 scheduling conference before the court on the grounds that plaintiff had not made himself available for deposition, had not filed an expert witness report, and had not responded to defendants' requests for production of documents and interrogatories.[9] A Rule 16 scheduling conference was held on June 30, 2005, during which defendants indicated that they would file a motion to dismiss the case based on plaintiff's failure to comply with the scheduling order, and plaintiff indicated that he would file a motion to extend the scheduling order deadline for expert disclosures.[10]

On July 1, 2005, plaintiff provided defendants with the expert report of Anton Handal, stating that Handal would render three opinions: 1) the January 1999 agreement and general release between Foufas and Dru "effected a full and complete release and settlement between the parties including all known and unknown obligations;" 2) under California law, the settlement agreement amounted to a release of any Lummi claims and "a settlement of the payments due by Dru to Foufas under their Lummi settlement;" and, 3) it was below the standard of care for defendant Winter not to

---

[8]*Id.* at 4.

[9]Doc. 67.

[10]Transcript of Scheduling Conference (June 30, 2005), doc. 73.

seek an opinion from a California attorney as to the scope of the January 1999 release for presentation in the Illinois case.[11]

By order dated July 14, 2005, the court granted defendants' motion for enlargement of time for all remaining pretrial dates set out in the scheduling order, citing the parties' agreement to brief whether this case should be dismissed or new pretrial dates set.[12]

On July 15, 2005, defendants filed the underlying motion to dismiss plaintiff's case for failure to obey the Rule 16 scheduling order.[13] Defendants also moved to strike Anton Handal's expert report on the grounds that 1) plaintiff filed the report thirty-five days after the expert disclosure deadline without seeking leave to modify the schedule or making the requisite good cause showing, 2) the expert report does not comply with Rule 26(a)(2), and 3) Anton Handal, plaintiff's expert witness, "has an interest in this proceeding that prevents him from serving as an expert."[14] Mr. Handal is the attorney who drafted the 1999 agreement and mutual general release at issue in this matter.[15] In addition, defendants moved for summary judgment pursuant to Rule 56 because 1) plaintiff is unable to produce evidence as to duty and breach of duty, essential elements of his negligence claim, and 2) the late-filed opinions of expert Anton Handal cannot be

---

[11] Expert Report of Anton Handal at 1, filed at exh. B, doc.76

[12] Doc. 72.

[13] Doc. 74.

[14] Motion to Strike at 2, doc. 77.

[15] Doc. 77.

a basis for plaintiff's negligence claim.[16]  Plaintiff has not filed a motion to modify the scheduling order.

### III.  DISCUSSION

Defendants move to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 16(b) and (f) on the grounds that plaintiff failed to meet the expert disclosure deadline set forth in the Rule 16(b) scheduling order, failed to seek leave of the court to modify the order, and failed to provide a "good cause" showing for missing the expert disclosure deadline.  Pursuant to Rule 16(b), a scheduling order entered by the court "shall not be modified except upon a showing of good cause and by leave of the district judge."  Rule 16(f) provides that if a party fails to obey a scheduling order, the court upon motion "may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)," which include prohibiting a party from introducing designated matters in evidence, striking pleadings, and dismissing the action.

It is undisputed that plaintiff filed Anton Handal's expert report thirty-five days after plaintiff's expert disclosure deadline without seeking leave to modify the scheduling order or making the requisite good cause showing under Rule 16(b). However, plaintiff argues that the court "should retroactively grant plaintiff's implicit request for an extension of time to disclose his expert" because plaintiff has demonstrated excusable neglect.

---

[16]Doc. 75.

While defendants move to dismiss this action for failure to comply with the court's scheduling order and failing to seek leave to modify the order, defendants note that they also could have brought their motion to dismiss under Federal Rule of Civil Procedure 41(b) for "failure of the plaintiff to prosecute or to comply with these rules or any order of court."  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [defendants]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."[17]  In light of the fact that this matter commenced over two years ago, the first two dismissal factors - the public interest in expeditious resolution of litigation and the trial court's interest in docket control - favor dismissal of plaintiff's complaint.[18]

The third factor requires a defendant to "establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."[19]  Here, defendants argue that plaintiff's failure to timely disclose his expert witness impaired defendants' ability to defend this case because an attorney negligence claim cannot move forward without a duty of care expert.[20]  Defendants also argue that plaintiff's failure to comply with the scheduling order has in turn prevented defendants

---

[17] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

[18] *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987); *Pagtalunan*, 291 F.3d at 642.

[19] *Pagtalunan*, 291 F.3d at 642.

[20] Transcript at 2, doc. 73.

from meeting their expert disclosure deadline and impeded defendants' ability to prepare this case for dispositive motion practice or trial. Defendants also allege that plaintiff failed to timely respond to defendants' requests for production of documents and interrogatories and that plaintiff's delays have disrupted the discovery schedule.

Whether the alleged prejudice to defendants is sufficient to support an order of dismissal is in part judged with reference to the strength of plaintiff's excuse for the delay.[21] In a letter to defendant's counsel, plaintiff's counsel stated that he "overlooked" the expert disclosure deadline due to a number of other deadlines and that, by the time he reached Mr. Handal, he learned that Handal was out of the country.[22] Plaintiff's reasons for failing to timely disclose an expert witness are not compelling. Moreover, plaintiff fails to offer any reason or explanation for his failure to file a motion to modify the scheduling order either before or after the Rule 16 scheduling conference. Plaintiff's argument that his delay in disclosing the expert was not prejudicial to defendants because plaintiff's expert was disclosed as a fact witness before the disclosure deadline is unavailing as a fact witness is not subject to the report requirements of Rule 26(a)(2)(B). The third factor weighs in favor of dismissal.

The fourth factor requires the court to consider the availability of less drastic sanctions than dismissal. In the Rule 16 scheduling conference, the court specifically discussed two alternate paths the parties could follow in addressing plaintiff's failure to comply with the scheduling order, namely the parties could agree to new dates or

---

[21] *Malone*, 833 F.2d at 131.

[22] Letter (June 2, 2005), filed as exh. A, doc. 80.

address plaintiff's failure to comply with the scheduling order through motion practice. The parties chose the latter option, after which the court provided plaintiff with the opportunity to file a motion to modify the expert disclosure deadline set forth in the scheduling order. The court also granted an enlargement of time on all the remaining pretrial deadlines in order to allow the parties to brief their respective motions. Although the court made it clear that dismissal was a possible consequence of failing to comply with the scheduling order without seeking leave to modify the scheduling order, plaintiff did not file a motion to modify the scheduling order.

Moreover, even if the court were to employ the alternative sanction of striking plaintiff's expert report, the result would be the same in this case. The parties agree that expert testimony is required in a legal malpractice case to establish than an attorney is liable for professional negligence. In fact, plaintiff argues that exclusion of plaintiff's expert witness, Anton Handal, is not an appropriate sanction for failing to comply with the court's scheduling order on the grounds that "excluding plaintiff's expert is tantamount to a dismissal of the case" because expert testimony is mandatory to establish the standard of care in a legal malpractice claim.[23] Accordingly, exclusion of plaintiff's expert testimony on duty of care and breach would amount to plaintiff's failure to establish a prima facie claim of attorney malpractice or negligence. For the reasons stated above, the fourth factor weighs in favor of dismissal.

---

[23] Response to Motion to Dismiss at 3, doc. 79.

The fifth factor weighs against dismissal as public policy favors disposition of cases on the merits.[24]  However, the court notes that it is doubtful plaintiff's expert witness would meet the reliability requirement for expert testimony set forth in Federal Rule of Evidence 702 given the fact that plaintiff's expert witness on duty of care and breach drafted the 1999 release at issue in this dispute.

Because four of the five dismissal factors weigh in favor of dismissal and plaintiff has failed to move for leave to modify the scheduling order, the court grants defendants' motion to dismiss pursuant to Rule 16(f), and denies as moot defendants' motion to strike expert report and motion for summary judgment.

### V.  CONCLUSION

For the reasons set forth above, defendants' motion to dismiss at docket 74 is **GRANTED**, and this matter is **DISMISSED**.  Defendants' motion to strike expert report at docket 77 and motion for summary judgment at docket 75 are **DENIED AS MOOT**.

DATED at Anchorage, Alaska, this 12th day of October 2005.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[24] *Pagtalunan*, 291 F.3d at 643.